Shaw, C. J.
The case shows that the tenant entered, more than twenty years before the commencement of this action, under a parol gift from his father, and has had the sole and exclusive possession ever since. Had the tenant simply shown an adverse and exclusive possession twenty years, he would have shown that the owner had no right of entry, and that would have been a good defence to this action. Is it less so, that the tenant entered under color of title ? A grant, sale or gift of land by parol is void by the statute. But when accompanied by an actual entry and possession, it manifests the intent of the donee to enter and take as owner, and not as tenant; and it equally proves an admission on the part of the donor, that the possession is so taken. Such a possession is adverse. If would be the same if the grantee should enter under a deed not executed conformably to the statute, but which the parties, by mistake, believe good. The possession of such grantee or donee cannot, in strictness, be said to be held in subordination *339 to the title of the legal owner; but the possession is taken by the donee, as owner, and because he claims to be owner ; and the grantor or donor admits that he is owner, and yields the possession because he is owner. He may reclaim and reassert his title, because he has not conveyed his estate according to law, and thus regain the possession ; but until he does this, by entry or action, the possession is adverse. Such adverse possession, continued twenty years, takes away the owner’s right of entry Barker v. Salmon, 2 Met. 32. Parker v. Proprietors of Locks & Canals, 3 Met. 91. Brown v. King, 5 Met. 173. Clapp v. Bromagham, 9 Cow. 530. We have not used the term “ disseized,” because the accurate definition and description of disseizin has been the subject of much discussion. The term is somewhat equivocal, and the same facts may prove a disseizin, for some purposes and in some aspects, and not in others. It is enough for the decision of this case, that the tenant had the actual, exclusive and adverse possession of the estate more than twenty years, by which the owner, and all persons claiming under him, were barred of their entry and right of action. Rev. Sts. c 119, § 1.

Judgment on the verdict.